
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 1:23-cv-01451-JLT-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFFS TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2); NOTIFY THE COURT THAT THEY WISH TO STAND ON THEIR COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

    Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* in this civil action. Generally, they allege that Defendant Freedom Mortgage Corporation violated the Fair Credit Reporting Act (FCRA) by providing false information to consumer reporting agencies. The complaint is now before this Court for screening.

    For the reasons given below, the Court concludes that the complaint does not state any cognizable claims. After Plaintiffs review this order, Plaintiffs may choose to file an amended complaint, which the Court will screen in due course. Plaintiffs may also notify the Court that they want to stand on their complaint, in which case this Court will issue findings and recommendations to the assigned district judge, recommending that Plaintiffs' complaint be dismissed for the reasons in this order. If Plaintiffs do not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

As Plaintiffs are proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 7). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiffs identify Freedom Mortgage Corporation as the sole Defendant in this case. (ECF No. 1, p. 2). As for the basis for federal jurisdiction, Plaintiffs list "FCRA . . . whereas defendant reported false information to credit bureaus, Section 16810."[1] (*Id.* at 3). Regarding the facts supporting their claim, they state as follows:

> Defendants reported false information to all major credit bureaus on both plaintiffs

---

[1] Plaintiff also lists the "CCRAA," an apparent reference to the California Consumer Credit Reporting Agencies Act. "Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law [as explained below], the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and they accordingly will not be screened." *Cruz v. Online Info. Servs., Inc.*, No. 1:18-CV-01127-AWI-BAM, 2019 WL 1789687, at *6 (E.D. Cal. Apr. 24, 2019), *report and recommendation adopted*, 2019 WL 3367527 (E.D. Cal. June 11, 2019) (declining to exercise supplement jurisdiction over, or to screen, CCRAA claim after the Plaintiff failed to state any cognizable FCRA claim).

> record, causing credit scores to plummet and denial of credit from other agencies, including the sale or refinance of the home with defendant. defendant and their affiliates made numerous inquiries on plaintiffs credit. Defendants falsely reported late payments on report, bringing score down. plaintiffs complained to credit bureaus and supplied all rec[ei]pts for the defendants claim to dates of accounts not paid by plaintiff. Defendants has not fixed problem and credit score damage had already been done and plaintiffs credit continues to be harshly affected and plaintiffs cannot get a refinance due to false credit reporting.

(*Id.* at 4).

As for relief, "plaintiffs ask for $245,000-value of home, $100,000 equity in home and $60,000 punitive damages for hardship and ruining of credit whereas we cannot qualify for anything until the damage is cleared." (*Id.* at 5).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiffs list the FCRA in their complaint as a statute that Defendant violated. (ECF No. 1, p. 3). In relevant part, the Ninth Circuit has described the FCRA as follows:

> Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). As an important means to this end, the Act sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and includes the following duty:
>
> > (3) Duty to provide notice of dispute
> >
> > If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
>
> § 1681s–2(a)(3).
>
> Section 1681s–2(b) imposes a second category of duties on furnishers of information. These obligations are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRAs promptly to provide such notification containing all relevant information about the

3

> consumer's dispute). Subsection 1681s–2(b) provides that, after receiving a notice of dispute, the furnisher shall:
>
>> (A) conduct an investigation with respect to the disputed information;
>>
>> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . . ;
>>
>> (C) report the results of the investigation to the [CRA];
>>
>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . . ; and
>>
>> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . . (i) modify . . . (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].
>
> § 1681s–2(b)(1). These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b). *See id.*; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–60 (9th Cir.2002).
>
> The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. §§ 1681n & o; *see also Nelson*, 282 F.3d at 1059. However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. § 1681s–2(c) ("Except[for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. *See* § 1681s–2(d).

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009) (footnotes omitted).

The only provision of the FCRA that Plaintiffs mention is "Section 1681O," which does not exist. (ECF No. 1, p. 3). Presumably, Plaintiffs are referring to § 1681*o*, which generally creates a private right of action for FCRA violations. As to which underlying provision of the FCRA was violated, Plaintiffs do not identify one. However, construing their complaint liberally, it appears that they may be alleging violation of § 1681s-2(b), which permits a private right of action for failing to complete certain obligations—like conducting an investigation into disputed information and reporting the results of the investigation to a CRA. However, as *Gorman* notes, "[t]hese obligations are triggered 'upon notice of dispute'—that is, when a person who furnished information to a CRA receives notice *from the CRA* that the consumer disputes the information." 584 F.3d at 1154 (emphasis added). While Plaintiffs indicate that Defendant furnished false

4

information, which they disputed to CRAs, with Defendant not "fix[ing] the problem," they do not allege that Defendant received notice *from a CRA* that they disputed certain information. Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted. *See Kianpour v. Wells Fargo Bank, N.A.*, No. CV 17-01757 SJO (GJSx), 2017 WL 8292776, at *6 (C.D. Cal. July 17, 2017) (concluding that a plaintiff failed to state a claim because § 1681s-2(b) required the Plaintiff to allege facts that *a CRA provided a notification of a dispute* to the furnisher of information).

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and concludes that Plaintiffs fail to state any other cognizable claims.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiffs with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiffs are granted leave to file an amended complaint within thirty days.

If Plaintiffs choose to file an amended complaint, the amended complaint must allege violations under the law as discussed above. Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs are advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiffs may choose to stand on this complaint, in which case the Court will issue findings and recommendations to the district judge recommending dismissal of the

action consistent with this order.

Based on the foregoing, IT IS ORDERED that:

1. The Clerk of Court is directed to send Plaintiffs a *pro se* civil rights complaint form (*i.e.*, Pro Se 1 Form);
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint; or
    b. Notify the Court in writing that they wish to stand on their complaint.
3. Should Plaintiff choose to amend their complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:23-cv-01451-JLT-EPG; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **November 27, 2023**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE