UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 1:23-cv-01451-JLT-EPG<br><br>SCREENING ORDER ALLOWING PLAINTIFFS' FIRST AMENDED COMPLAINT TO PROCEED ON FCRA CLAIM<br><br>(ECF No. 9) |

Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 7, 9). On November 27, 2023, the Court screened, but found no cognizable claims in, Plaintiff's initial complaint, which generally alleged that Defendant Freedom Mortgage Corporation violated the Fair Credit Reporting Act (FCRA) by providing false information to consumer reporting agencies. (ECF No. 8). The Court granted Plaintiffs leave to amend, and they timely filed a first amended complaint, which is now before the Court for screening. (ECF Nos. 8, 9).

Upon review, the Court concludes that Plaintiffs have stated a claim under the FCRA. Accordingly, the Court will allow Plaintiffs to proceed on their FCRA claim in their first amended complaint. In due course, the Court will issue an order providing service documents to Plaintiffs that they must complete and return so that Defendant may be served.

1

I. **SCREENING REQUIREMENT**

As Plaintiffs are proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 7). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

II. **SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs identify Freedom Mortgage Corporation as the sole Defendant in this case. (ECF No. 9, p. 2). As for the basis for federal jurisdiction, Plaintiffs list the FCRA. (*Id.* at 3). As for the facts supporting their claim, they state as follows:

> The plaintiffs contend that the defendant inaccurately reported information to major credit bureaus, causing a significant credit score drop, denial of credit from other agencies, and hindering their ability to sell or refinance their home. Numerous credit inquiries were made by defendants and affiliates. Despite plaintiffs' complaints and the provision of receipts for disputed accounts, Freedom Mortgage Corporation failed to rectify the reported inaccuracies. Consequently, the plaintiffs seek damages, the relief sought also includes the correction of inaccurate information on credit reports. See attachments page 1.

(*Id.* at 4).

Elsewhere, in the complaint, Plaintiffs state: (1) "On December 1, 2023, the Plaintiffs

2

received a notice from USAA stating Freedom Mortgage reported a foreclosure, triggering a policy cancellation by USAA. This notification demonstrates the immediate and severe consequences of Freedom Mortgage's inaccurate reporting"; (2) "On May 19, 2023, the Plaintiffs, to rectify the inaccuracies, sent a letter to all major credit bureaus, including supporting documentation such as receipts and bank statements for the months Freedom Mortgage claimed non-payment"; and (3) "Despite ongoing communication with Freedom Mortgage, including [a] dispute initiated on June 15, 2023, Freedom Mortgage failed to correct the inaccuracies it its reporting." (*Id.* at 8).

As for relief, Plaintiff's seek "compensatory damages, including $245,000 for the value of their home, $100,000 in equity, and any additional damages as deemed appropriate; punitive damages for $60,000, justified by the alleged willful and negligent noncompliance with the Fair Credit Reporting Act (FCRA) and ongoing adverse credit effects." (*Id.* at 4). Additionally, they request "a cease and desist order to halt the defendant's purported wrongful reporting practices, preventing further harm." (*Id.*).

Plaintiffs have attached various documents to the complaint, including communications with consumer reporting agencies and financial account statements.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiffs list the FCRA in their complaint as the statute that Defendant violated. (ECF No. 9, p. 3). In relevant part, the Ninth Circuit has described the FCRA as follows:

> Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). As an important means to this end, the Act sought to make "consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s–2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities. Subsection (a) details the duty "to provide accurate information," and includes the following duty:
> 
> (3) Duty to provide notice of dispute

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

§ 1681s–2(a)(3).

Section 1681s–2(b) imposes a second category of duties on furnishers of information. These obligations are triggered "upon notice of dispute"—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRAs promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s–2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . . ;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . . ; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . . (i) modify . . . (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].

§ 1681s–2(b)(1). These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b). *See id.*; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–60 (9th Cir.2002).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. §§ 1681n & o; *see also Nelson*, 282 F.3d at 1059. However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. § 1681s–2(c) ("Except[for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. *See* § 1681s–2(d).

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009) (footnotes omitted).

Plaintiffs state that Defendant violated § 1681s-2(b), which permits a private right of action for failing to complete certain obligations—like conducting an investigation into disputed

information and reporting the results of the investigation to a consumer reporting agency. (ECF No. 9, p. 3). "To succeed on such a claim, plaintiffs must allege that they had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *See Matracia v. JP Morgan Chase Bank*, N.A., No. 2:11–190 WBS JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011) (citing 15 U.S.C. § 1681s–2(b)).

Turning to the complaint, Plaintiffs first allege that Defendant inaccurately reported information to the consumer reporting agencies, and that Plaintiffs then sent a letter to the consumer report agencies disputing this information. (*See* ECF No. 9, p. 15 - May 19, 2023 letter to consumer report agencies, stating in part, "This letter is being written to inform you of the inaccurate reporting in my credit report from Freedom Mortgage. They have reported that I am 120 days fate from November 2022 to present. This information is incorrect.").

Second, Plaintiffs' complaint generally indicates that Defendant was informed of these inaccuracies; but more noteworthy, it attaches, among other things, a letter from Equifax stating as follows: "We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete;" and "If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute." (*Id.* at 29). The letter continues, by stating,

> In this situation, we request that the reporting company verify the accuracy of the information you disputed; we provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and we request that they send Equifax a response to your dispute and update their records and systems, as necessary.

(*Id.*) (alterations to capitalization and punctuation). The letter thereafter specifically references account information with Defendant. (*Id.* at 36). Based on this information, the Court concludes that Plaintiffs have sufficiently alleged that a consumer reporting agency notified Defendant of the disputed information.

Third, Plaintiffs allege that, despite being notified of disputes regarding credit information, Defendant failed to take the remedial measures outlined in the statute, *e.g.*, it "failed to rectify the reported inaccuracies." (*Id.* at 4).

Based on this information, the Court concludes that Plaintiffs have stated a FCRA claim in their first amended complaint. Accordingly, the Court will allow this action to proceed.

IV. **ORDER**

Based on the foregoing, IT IS ORDERED that this case shall proceed on Plaintiffs' claim in their first amended complaint that Defendant violated Section 1681s-2(b) of the Fair Credit Reporting Act. The Court will issue an order in due course providing service documents to Plaintiffs that they must complete and return so that Defendant may be served.

IT IS SO ORDERED.

Dated: **January 25, 2024**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

6