UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al., <br><br>Plaintiffs, <br><br>v. <br><br>FREEDOM MORTGAGE CORPORATION, <br><br>Defendant. | Case No. 1:23-cv-01451-JLT-EPG <br><br>ORDER REGARDING UNSERVED CASE DOCUMENTS; EXTENDING DEADLINE TO SERVE DEFENDANT <br><br>(ECF No. 14) |

Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 7, 9). On January 25, 2024, the Court screened Plaintiffs' first amended complaint, and concluded that they stated a claim against Defendant Freedom Mortgage Corporation under the Fair Credit Reporting Act. (ECF No. 10).

The Court directed Plaintiffs to complete and return service documents (ECF No. 11) to serve Defendant, which Plaintiffs did (ECF No. 12), and on February 6, 2024, the Court directed the United States Marshals Service to serve the documents on Defendant. (ECF No. 13). On April 16, 2024, the United States Marshals Service filed the process receipt and return showing that Defendant was not served because it was unable to locate the Defendant at the address provided. (ECF No. 14). The handwritten notes under remarks states, "location is AFDI Tech." (*Id.*) (capitalization omitted).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not begin to run until the date the court authorizes service of the complaint." *Much v. Langston*, No. CV 16-0863 VAP (SS), 2018 WL 5905827, at *7 (C.D. Cal. Oct. 23, 2018), *report and recommendation adopted*, No. CV 16-0863 VAP (SS), 2018 WL 5906044 (C.D. Cal. Nov. 9, 2018).

Here, the 90-day deadline to serve Defendant is quickly approaching, *i.e.*, May 6, 2024. Because it appears that Plaintiffs will not be able to meet this deadline, the Court will *sua sponte* extend the time to complete service to August 2, 2024. And the Court will send Plaintiffs an additional set of service documents to complete and return.

Plaintiffs are advised that it is their responsibility to provide a correct address for Defendant to the United States Marshals Service. If Plaintiffs fail to provide the United States Marshals Service with accurate and sufficient information to effect service of the summons and complaint by August 2, 2024, Defendant may be dismissed from this case. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting requirement for a plaintiff to provide correct information to the United States Marshals service to serve a defendant), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

Accordingly, IT IS ORDERED as follows:
1. The Clerk of Court shall mail Plaintiffs a copy the Marshals' receipt (ECF No. 14).
2. Service is appropriate for the following defendant:
   a. Freedom Mortgage Corporation;
3. The Clerk of Court shall SEND Plaintiffs two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the first amended complaint filed on December 22, 2023 (ECF No. 9);

4. Within **twenty-one (21) days** from the date of service of this order, Plaintiffs shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Two completed USM-285 forms (one for delivery to an agent of the corporation and one for mailing to the corporation);

   b. Two completed summonses for Defendant Freedom Mortgage Corporation;

   c. Three (3) copies of the endorsed Complaint;

5. Plaintiffs need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

6. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **April 18, 2024**                             /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE

3