1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

TERRANCE MARSH, et al.,

Case No.  1:23-cv-01451-JLT-EPG

12

Plaintiffs,

ORDER REGARDING RETURNED
SERVICE DOCUMENTS

13

v.

(ECF No. 17)

14

FREEDOM MORTGAGE CORPORATION,

15

Defendant.

16

17

18

        Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* in this

19

civil action. (ECF Nos. 1, 7, 9). On January 25, 2024, the Court screened Plaintiffs' first amended

20

complaint, and concluded that they stated a claim against Defendant Freedom Mortgage

Corporation under the Fair Credit Reporting Act. (ECF No. 10).

21

        The Court directed Plaintiffs to complete and return service documents (ECF No. 11) to

22

serve Defendant, which Plaintiffs did (ECF No. 12), and on February 6, 2024, the Court directed

23

the United States Marshals Service to serve the documents on Defendant. (ECF No. 13). On April

24

16, 2024, the United States Marshals Service filed the process receipt and return showing that

25

Defendant was not served because it was unable to locate the Defendant at the address provided.

26

(ECF No. 14). The handwritten notes under remarks states, "location is AFDI Tech." (*Id.*)

27

(capitalization omitted).

28

1

Noting that the 90-day period under Federal Rule of Civil Procedure 4(m) to serve

Defendant was quickly approaching, the Court issued an order on April 18, 2024 *sua sponte*

extending the time to complete service to August 2, 2024. (ECF No. 15). Additionally, the Court

sent Plaintiffs an additional set of service documents to complete and return and instructed them

to return the documents within 21 days so that service by the United States Marshals Service

could be promptly completed.

After Plaintiffs failed to timely return the service documents, the Court issued an order on

June 11, 2024, giving Plaintiffs an extension to June 28, 2024, to return the service documents.

(ECF No. 16).

On June 27, 2024, Plaintiffs returned the service documents. However, as explained

below, because there are multiple problems with the documents, the Court will not direct the

United States Marshals Service to serve them. Rather, the Court will give Plaintiffs a final

extension to July 31, 2024, to return new service documents with a single address for Defendant.

Turning to the returned documents, the Court reiterates that it is Plaintiffs' responsibility

to provide a correct address for Defendant to be served. *See Walker v. Sumner*,

14 F.3d 1415, 1422 (9th Cir. 1994) (noting requirement for a plaintiff to provide correct

information to the United States Marshals Service to serve a defendant), *overruled on other*

*grounds by Sandin v. Connor*, 515 U.S. 472 (1995). And the Court will not waste the valuable

resources of the United States Marshals Service on what appears to be insufficient information

provided by Plaintiffs. *See Austin v. Winett*, No. 104CV05104DLB PC, 2008 WL 5213414, at *1

(E.D. Cal. Dec. 12, 2008) ("Directing the Marshal's Office to expend its resources personally

serving a subpoena is not taken lightly by the court.").

For example, Plaintiffs returned three USM-285 forms—the form providing instructions

for the United States Marshals Service to serve a defendant—with each listing a different address

for Defendant. Further, the business names for service on Defendant differ. Moreover, some of

the instructions are ambiguous and do not appear sufficient to serve Defendant. As one example,

Plaintiffs provided instructions to serve "loss mitigation." There are multiple means to sue a

corporation—like Defendant—and the Court directs Plaintiffs generally to Federal Rule of Civil

Procedure 4(h), which provides that a corporation may be sued, among other ways, "by delivering

2

a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Delivery of the service documents to "loss mitigation" would not appear to meet this requirement.

Accordingly, IT IS ORDERED as follows:

1. The Clerk shall file on the record the service documents that Plaintiffs returned on June 27, 2024.

2. The Court will not direct the United States Marshals Service to serve the documents that Plaintiffs returned on June 27, 2024, for the reasons given above. However, the Court will grant Plaintiffs one final opportunity to return properly prepared service documents.

2. Service is appropriate for the following defendant:

   a. Freedom Mortgage Corporation.

3. The Clerk of Court shall SEND Plaintiffs two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the first amended complaint filed on December 22, 2023 (ECF No. 9).

4. By no later than July 31, 2024, Plaintiffs shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Two completed USM-285 forms (one for delivery to an agent of the corporation and one for mailing to the corporation) that contain a single address;[1]

   b. Two completed summonses for Defendant Freedom Mortgage Corporation; and

   c. Three (3) copies of the endorsed Complaint.

---

[1] The Court will not direct the United States Marshals Service to serve multiple purported addresses for Defendant.

3

5.  Plaintiffs need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6.  The August 2, 2024, deadline to complete service is extended to October 2, 2024, to allow sufficient time for service.

7.  Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 1, 2024**                    /s/ _Erica P. Grosjean_
                                             UNITED STATES MAGISTRATE JUDGE