UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 1:23-cv-01451-JLT-EPG<br><br>ORDER FOR CLERK OF COURT TO FILE RETURNED SERVICE DOCUMENTS<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFFS' FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROVIDE AN ADDRESS FOR THE UNITED STATES MARSHALS SERVICE TO SERVE DEFENDANT<br><br>(ECF Nos. 15, 16, 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 7, 9). On January 25, 2024, the Court screened Plaintiffs' first amended complaint, and concluded that they stated a claim against Defendant Freedom Mortgage Corporation under the Fair Credit Reporting Act. (ECF No. 10).

Since screening the complaint, the Court has repeatedly provided Plaintiffs instructions to help them serve Defendant. However, they have failed to comply with court orders. The US Marshals also attempted to serve Defendant at the address Plaintiffs initially provided, but the address was inaccurate. It now appears that Plaintiffs do not know Defendant's true address.

1

Accordingly, as further explained below, the Court will recommend that this case be dismissed, without prejudice based on Plaintiffs' failure to comply with Court orders and failure to provide a single known address for the United States Marshals Service (USMS) to serve Defendant.

## I. BACKGROUND

After the Court screened the complaint, it ordered Plaintiffs to complete and return service documents. (ECF No. 11). Importantly, because Plaintiffs proceed IFP, the Court must order the US Marshal's service to effect service for Plaintiff. Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). However, the service documents (the summons and USM-285 forms) require Plaintiffs to provide a correct address for Defendant.

After Plaintiffs returned the service documents (ECF No. 12), the Court ordered the USMS to serve Defendant at the address provided by Plaintiffs, which was in Edmond, Oklahoma. (ECF No. 13). Although the USMS attempted to do so, it was unable to serve Defendant because the address Plaintiffs provided for Defendant was incorrect. (ECF No. 14). The handwritten notation on the USM-285 form stated, "Location is AFDI Tech." (*Id.*) (capitalization omitted). Notably, in the special instructions space on the form, Plaintiffs provided another possible address for Defendant in Denver, Colorado.

In response, the Court advised Plaintiffs that it was their responsibility to provide a correct address for the USMS to serve Defendant and warned them that failure to do so could lead to dismissal. (ECF No. 15); *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting requirement for a plaintiff to provide correct information to the United States Marshals service to serve a defendant), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). The Court directed the Clerk of Court to mail Plaintiffs new service documents, ordered Plaintiffs to fill them out and return them within twenty-one days, and *sua sponte* extended the 90-day service deadline, *see* Fed. R. Civ. P. 4(m), to August 2, 2024, to give Plaintiffs sufficient time to serve Defendant.

After Plaintiffs failed to timely return the service documents, or respond at all to the

2

Court's order, the Court gave them a *sua sponte* extension to June 28, 2024, to return the service documents. (ECF No. 16). The Court warned them that failure to comply with the order could result in dismissal.

Plaintiffs returned the service documents one day before the deadline, however they did not comply with the Court's order. (ECF No. 17). Most notably, Plaintiffs provided three different addresses for the USMS to serve Defendant: (1) a Boca Raton, Florida address; (2) a Huntington Beach, California address; and (3) and a Glendale, California address. (ECF No. 19). Moreover, some of Plaintiffs' instructions for service were vague and did not appear likely to lead to sufficient service. For example, for the Boca Raton, Florida address, Plaintiffs provided instructions to serve "loss mitigation" along with a phone number. (*Id.* at 3).

On July 2, 2024, the Court issued an order reminding Plaintiffs that it was their responsibility to provide the USMS with an address to serve Defendant and noted that it would not waste valuable resources on serving multiple addresses that did not appear likely to lead to sufficient service. (ECF No. 18). The Court directed the Clerk of Court to send Plaintiffs new service documents, ordered Plaintiffs to fill them out and return them by July 31, 2024, and once more *sua sponte* extended the service deadline to October 2, 2024. In this order, the Court specifically instructed Plaintiffs to provide "a single address" for Defendant and included a footnote stating, "The Court will not direct the United States Marshals Service to serve multiple purported addresses for Defendant." (*Id.* at 3, n.1). The Court again warned Plaintiffs that failure to comply with the order could result in dismissal.

On July 15, 2024, Plaintiffs returned the service documents, including two summonses with a Fishers, Indiana address for Defendant; however, the two USM-285 forms had different addresses: (1) the Fishers, Indiana address; and (2) the same Glendale, California address that Plaintiffs had provided in their prior service documents.

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal. As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.*

Here, Plaintiffs have failed to comply with court orders. First, they failed to timely return service documents. (*See* ECF Nos. 15, 16). Second, despite clearly instructing them to provide a single address to serve Defendant, Plaintiffs have once again provided multiple addresses. (ECF No. 18).

Moreover, the record in the case strongly suggests that Plaintiffs do not know Defendant's true address. First, Plaintiff's initial address for service in Edmond, Oklahoma was not a correct address for Defendant. Second, Plaintiffs failed to timely return service documents, indicating they could not locate an address for Defendant. Third, when Plaintiffs finally submitted the service documents (one day before the deadline) they provided three distinct addresses. Fourth, despite giving Plaintiffs the opportunity to submit new service documents with a single address, they returned the documents with two different addresses. At this point, Plaintiffs have submitted six distinct addresses for Defendant: (1) Edmond, Oklahoma; (2) Denver, Colorado; (3) Boca Raton, Florida; (4) Huntington Beach, California; (5) Glendale, California; and (6) Fishers, Indiana.

In short, Plaintiffs' failure to comply with court orders, coupled with circumstances suggesting that they do not have a correct address for Defendant, are preventing the case from moving forward. The Court concludes that it would simply delay the case further and waste judicial resources to yet again permit Plaintiffs to submit new service documents to try to serve Defendant. *See Hill v. Escobar*, No. 2:21-CV-02118-DAD-JDP (PC), 2024 WL 170132, at *2 (E.D. Cal. Jan. 16, 2024), *report and recommendation adopted*, 2024 WL 1858217 (E.D. Cal. Apr. 26, 2024) (recommending dismissal of case where a plaintiff, after multiple opportunities, failed to provide an address for defendants). Therefore, the second factor weighs in favor of

4

dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with court orders and to provide the USMS with a single service address for Defendant that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiffs have failed to comply with court orders and have failed to provide the USMS with a single service address, despite being warned of possible dismissal multiple times, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III. CONCLUSION, ORDER, AND RECOMMENDATIONS

After weighing the factors regarding dismissal, the Court concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court shall file Plaintiffs' returned service documents (those submitted on July 15, 2024) on the docket. (*See* ECF No. 20).

Further, the Court RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiffs' failure to comply with court orders and failure to provide an address for the USMS to serve Defendant; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiffs may file written

5

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 19, 2024**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE