UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 1:23-cv-01451-JLT-EPG<br><br>ORDER GRANTING RENEWED MOTION TO E-FILE DOCUMENTS<br><br>(ECF No. 42)<br><br>ORDER DENYING AS UNNECESSARY MOTION TO CONTINUE HEARING ON MOTION TO DISMISS<br><br>(ECF No. 41) |

Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 7, 9). Before this Court are two filings: (1) Plaintiffs' renewed motion to electronically file (e-file) documents in this case (ECF No. 42); and (2) Plaintiffs' motion to continue the hearing on Defendant's motion to dismiss (ECF No. 41). For the reasons explained below, the Court will grant Plaintiffs' renewed motion to e-file documents and deny as unnecessary their motion to continue the previously set hearing on the motion to dismiss.

**I.     MOTION TO E-FILE DOCUMENTS**

Plaintiffs previously moved for permission to e-file documents in this case, stating that e-filing is easier, faster, and less expensive than filing documents via in-person and the mail. (ECF No. 36).

Under the Court's Local Rules, *pro se* parties are required to "file and serve paper

1

documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion[ ] setting out an explanation of reasons for the exception." Local Rule 133(b)(3). It is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).

On December 16, 2024, the Court issued an order noting that Plaintiffs' motion did not make clear whether Plaintiffs are familiar with the requirements applicable to e-filing in this Court or whether they have the necessary hardware and software needed for e-filing. (ECF No. 38). The Court gave Plaintiffs ten days from the date of entry of the order to each file a separate declaration in support of their request for permission to use the Court's e-filing system, noting that the declaration should address whether they are aware of the requirements for e-filing and whether they have access to the necessary hardware and software. After the deadline for Plaintiffs to file a declaration expired without any response, the Court denied their motion on January 8, 2025. (ECF No. 40).

On January 10, 2025, Plaintiffs filed a response to the Court's order, indicating that they did not receive the order giving 10 days to file a supplement in support of their motion to e-file and providing declarations stating that they have the equipment and knowledge to use the e-filing system. (ECF No. 42). The response otherwise states that they have used the e-filing system before and would like to e-file in this case because it is easier, faster, and less expensive. The Court construes this filing as a renewed motion for permission to e-file.

Upon review, the Court will grant Plaintiffs' renewed motion. However, they are advised that each Plaintiff must file their own documents separately, meaning they cannot submit any e-filed documents on behalf of the other Plaintiff. *See Riddick v. AT & T, Inc.*, No. 2:12-CV-02033-KJM-AC, 2014 WL 4377942, at *1 (E.D. Cal. Sept. 3, 2014) ("To the extent that Plaintiff Lynn seeks the Court's permission to electronically file documents on behalf of her co-plaintiffs the Court denies her request because doing so would constitute the unauthorized practice of law. However, the Court grants the request to the extent that Plaintiff Lynn seeks the Court's permission to electronically file documents on her own behalf alone.").

## II.  MOTION TO CONTINUE HEARING ON MOTION TO DISMISS

Defendant filed a motion to dismiss on December 10, 2024, setting a hearing before the assigned District Judge for January 17, 2025. (ECF No. 34). The next day, the assigned district judge issued a minute order noting that "no hearing will be calendared, and the matter will be decided on the papers." (ECF No. 35). However, on January 13, 2025, the District Judge referred the motion to dismiss to the undersigned "for appropriate action." (ECF No. 43).

On January 10, 2025, Plaintiffs submitted a filing asking that the January 17, 2025 hearing be continued to a later date to allow them to have adequate time to prepare for the hearing and because of scheduling conflicts. (ECF No. 41). This filing also contains Plaintiffs' substantive response to the motion to dismiss.

The Court will deny the request to continue the hearing as unnecessary. As explained above, the District Judge already noted that no hearing would take place. Further, as the motion has now been referred to the undersigned, the undersigned will not set a hearing unless it later concludes one is necessary.

## III.  ORDER

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiffs' renewed motion to e-file documents is granted. (ECF No. 42). However, Plaintiffs must file their own documents separately if they use e-filing, meaning they cannot submit any e-filed documents on behalf of the other Plaintiff.
2. Plaintiffs' motion to continue the previously set hearing for January 17, 2025, on the motion to dismiss is denied as unnecessary. (ECF No. 41). Unless the Court informs the parties otherwise, no hearing will be held, and the motion to dismiss will be addressed on the papers.

IT IS SO ORDERED.

Dated:  **January 14, 2025**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3