UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>                    Defendant. | Case No.  1:23-cv-01451-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>(ECF No. 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**I.      INTRODUCTION**

Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 7, 9). Because they proceed IFP, their complaint and amended complaint were screened pursuant to 28 U.S.C. § 1915, with the Court ultimately allowing this case to proceed on a claim under the Fair Credit Reporting Act (FCRA). (ECF Nos. 8, 10).

This matter is now before the Court on the motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), brought by Defendant Freedom Mortgage Corporation, which argues that Plaintiffs have failed to state a claim upon which relief may be granted. (ECF No. 34). Plaintiffs have filed an opposition (ECF No. 41); and Defendant has failed to file a reply within the time permitted under Local Rule 230(d). On January 13, 2025, the assigned District Judge referred the motion "for appropriate action." (ECF No. 43). Accordingly, this matter is ripe.

Because Defendant's motion to dismiss is aimed at the allegations in the initial complaint—rather than Plaintiffs' operative amended complaint—the Court will recommend that Defendant's motion to dismiss be denied.

## II.   BACKGROUND

Plaintiffs filed their initial complaint on October 10, 2023, generally alleging that Defendant violated the FCRA and the California Consumer Credit Report Agencies Act (CCRAA) by providing false information to consumer reporting agencies. (ECF No. 1). The Court screened it but found no cognizable claims. (ECF No. 8). The Court granted Plaintiffs leave to amend, and they filed an amended complaint. (ECF Nos. 8, 9).

Upon screening the amended complaint, the Court concluded that Plaintiffs stated a claim under the FCRA. (ECF No. 10). Because Plaintiffs no longer cited the CCRAA in their amended complaint, this case proceeds only on Plaintiffs' FRCA claim; specifically, that Defendant violated Section 1681s-2(b) of the FRCA, in connection with inaccurately reporting information to consumer reporting agencies.

After being served, Defendant filed its motion to dismiss on December 10, 2024. (ECF Nos. 31, 33, 34). Defendant argues that Plaintiffs' allegations fail to state a claim under the FCRA and CCRAA. (ECF No. 34). However, as will be discussed below, the allegations they refer to are contained entirely within Plaintiffs' initial complaint—not the operative amended complaint. Plaintiffs filed an opposition to the motion on January 10, 2025. (ECF No. 41).

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

However, in connection with a motion to dismiss, it is important to remember that, "[a]s a

1 general rule, when a plaintiff files an amended complaint, [t]he amended complaint supercedes
2 the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d
3 1002, 1005 (9th Cir. 2010) (internal citation and quotation marks omitted, second alteration in
4 original). Accordingly, [w]hen a plaintiff files an amended complaint, the amended complaint
5 becomes the operative complaint and renders any pending motions to dismiss moot." *Est. of*
6 *Valentine v. Cnty. of Merced*, No. 1:23-CV-01697-JLT-SAB, 2024 WL 3226730, at *1 (E.D. Cal.
7 June 28, 2024).

### IV. ANALYSIS

Defendant's motion to dismiss argues that the following allegations—as summarized by Defendant—fail to state a claim under the FCRA and CCRAA.

> According to Plaintiffs' Complaint: "Defendants reported false information to all major credit bureaus on both plaintiffs (sic) record, causing credit scores to plummet." (Compl. at p. 4, § III.) The Complaint alleges, "Defendant falsely reported [unidentified] late payments on [unspecified] report, bringing score down." (*Id.*) The Complaint further alleges that "plaintiffs complained to credit bureaus and supplied all receipts for defendants claim to dates of accounts not paid by plaintiff." (*Id.*) According to Plaintiffs, "Defendants has not fixed the problem", and Plaintiffs cannot get a refinance due to false credit reporting. (*Id.*) Based on these allegations, Plaintiffs assert causes of action for: "FCRA and CCRAA." (*See* Compl. at p 3, §II(A).)

(ECF No. 34, p. 3).

However, the cited portions from the complaint are quotations from Plaintiff's initial complaint, <u>not their operative amended complaint</u>. (*Compare* ECF No. 1, pp. 3-4, *with* ECF No. 9, pp. 3-4). As noted above, the Court screened the initial complaint and concluded that it failed to state any claims. (ECF No. 8). That order advised Plaintiffs that any amended complaint would supersede their original complaint and the amended complaint "must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." (*Id.* at 5).

Plaintiffs filed an amended complaint that omitted references to the CCRAA and offered additional allegations regarding their FCRA claim, which the Court considered at length upon screening, concluding that Plaintiffs stated a claim that Defendant violated Section 1681s-2(b) of the FCRA. (ECF No. 10, pp. 3-5). Importantly then, this case proceeds only on Plaintiffs' FCRA claim based on the allegations in their amended complaint.

Accordingly, because Defendant's argument is aimed solely at the legal sufficiency of the

allegations in initial complaint, which has been completely superseded by the amended complaint, their motion to dismiss should be denied.

### V.   CONCLUSION AND RECOMMENDATIONS

Based on the above discussion, IT IS RECOMMENDED that Defendant's motion to dismiss be denied. (ECF No. 34).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections shall be limited to no more than fifteen (15) pages, including exhibits. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2025**                    /s/ Erica P. Grosjean
                                                           UNITED STATES MAGISTRATE JUDGE

4