1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   TERRANCE MARSH, et al.,                    Case No.  1:23-cv-01451-JLT-EPG

12                Plaintiffs,                   FINDINGS AND RECOMMENDATIONS,
                                                RECOMMENDING THAT (1) FREEDOM
13         v.                                   MORTGAGE CORPORATION'S MOTION
                                                TO DISMISS BE GRANTED; (2) THE
14   FREEDOM MORTGAGE CORPORATION,              CLAIMS AGAINST DEFENDANT
     et al.,                                    NESTOR SOLUTIONS LLC BE
15                                              DISMISSED; AND (3) THIS ACTION BE
                Defendants.                     DISMISSED WITHOUT PREJUDICE
16
                                                (ECF Nos. 83, 85)
17
                                                OBJECTIONS, IF ANY, DUE WITHIN
18                                              THIRTY (30) DAYS
19                                              ORDER TO ADD NESTOR SOLUTIONS
                                                LLC AS A DEFENDANT ON THE
20                                              DOCKET
21

22   **I.      INTRODUCTION**

23         Plaintiffs Terrance Marsh and Gesele Marsh proceed *pro se* and *in forma pauperis* (IFP)

24   in this civil action. (ECF Nos. 1, 7, 9, 83). Plaintiffs commenced this action on October 10, 2023

25   by filing a complaint against Defendant Freedom Mortgage Corporation (Freedom). (ECF No. 1).

26   On October 3, 2025, Plaintiffs filed a second amended complaint against Freedom and Defendant

27

28

                                                1

1  Nestor Solutions LLC (Nestor).[1] (ECF No. 83). Plaintiffs' second amended complaint alleges that
2  Freedom and Nestor violated Federal and state laws related to the administration of their
3  mortgage on their property. (ECF No. 83).
4          Now before the Court is Freedom's motion to dismiss Plaintiffs' second amended
5  complaint.[2] (ECF No. 85). Freedom argues that Plaintiff's complaint is duplicative of another
6  lawsuit in this District and fails to state cognizable claims against it.
7          As further explained below, Plaintiffs have filed untimely oppositions to the motion to
8  dismiss. (ECF Nos. 95, 96).
9          Freedom argues that the untimely oppositions should not be considered, but even if the
10  Court were to consider Plaintiffs' arguments, they fail to address its argument that their lawsuit is
   duplicative of another case in this District. (ECF No. 97).
11
12          Additionally, as Plaintiffs' second amended complaint for the first time asserts claims
   against Nestor, those claims are before this Court for screening.
13
14          For the reasons given below, the Court will recommend that (1) Freedom's motion to
15  dismiss be granted; (2) the claims against Nestor be dismissed; and (3) this action be dismissed in
   its entirety without prejudice.
16      **II.    BACKGROUND**
17          **A.  Plaintiffs' Original Complaint**
18          Plaintiffs filed this case against Freedom on October 10, 2023. (ECF No. 1). Plaintiffs'
19  original complaint included only the following factual allegations:
20              Defendants reported false information to all major credit bureaus on both plaintiffs
              record, causing credit scores to plummet and denial of credit from other agencies,
21              including the sale or refinance of the home with defendant. defendant and their
              affiliates made numerous inquiries on plaintiffs credit. Defendants falsely reported
22              late payments on report, bringing score down. plaintiffs complained to credit
              bureaus and supplied all rec[ei]pts for the defendants claim to dates of accounts
23              not paid by plaintiff. Defendants has not fixed problem and credit score damage
              had already been done and plaintiffs credit continues to be harshly affected and
24              plaintiffs cannot get a refinance due to false credit reporting.
25  (ECF No. 1, at p. 4).
26

27  [1] As Nestor Solutions LLC is not currently listed on the docket, the Court will direct the Clerk of Court to
   add this Defendant.
28  [2] The assigned District Judge referred this motion to the undersigned on November 4, 2025. (ECF No. 86).

The Court screened the initial complaint on November 27, 2023, concluding that Plaintiffs' complaint failed to state any cognizable claims, and granted leave to amend. (ECF No. 8).

### B. Plaintiffs' First Amended Complaint

Plaintiffs filed a first amended complaint against Freedom on December 22, 2023. (ECF No. 9). The Court screened the first amended complaint and found that it sufficiently stated a claim against Freedom for violation of Section 1681s-2(b) of the Fair Credit Reporting Act (FCRA) to proceed past screening. (ECF No. 10, p. 5) ("Plaintiffs have sufficiently alleged that a consumer reporting agency notified Defendant of the disputed information. Third, Plaintiffs allege that, despite being notified of disputes regarding credit information, Defendant failed to take the remedial measures outlined in the statute, *e.g.*, it "failed to rectify the reported inaccuracies.").

On January 26, 2024, the Court directed Plaintiffs to complete necessary forms for service on Freedom. (ECF No. 11).

After Plaintiffs repeatedly failed to provide sufficient information to facilitate service on Freedom, on July 22, 2024, the Court issued findings and recommendations that this case be dismissed without prejudice because of Plaintiffs' failure to comply with court orders and failure to provide an address for the United States Marshals Service (USMS) to serve defendant. (ECF No. 21). On August 19, 2024, Plaintiffs filed objections to the findings and recommendations, which included an additional address to serve Freedom. (ECF No. 23). On August 21, 2024, the Court vacated its findings and recommendations for dismissal and gave Plaintiffs an additional opportunity to return service documents for USMS service. (ECF No. 24).

Subsequently, Plaintiffs' first amended complaint was served on Freedom, and Freedom filed a waiver of service on September 11, 2024. (ECF No. 28).

On December 10, 2024, Freedom filed a motion to dismiss Plaintiffs' complaint. (ECF No. 34). However, as Freedom's motion to dismiss addressed the allegations in Plaintiffs' initial complaint, rather than the operative first amended complaint, the Court issued findings and recommendations that Freedom's motion to dismiss be denied. (ECF No. 47). The District Judge adopted the Court's findings and recommendations on February 26, 2025, denying Defendant's

1    motion to dismiss because it failed to address Plaintiffs' operative complaint. (ECF No. 48).

2            **C.  Plaintiffs File Another Case on Same Allegations**

3            In the meantime, as explained in Freedom's notice of related case, on March 28, 2024,

4    Plaintiffs filed another case in the Superior Court for the State of California County of Kern, titled

5    *Terrance Marsh and Gesele Marsh vs. Freedom Mortgage*, Case No. BCV24101027.  (ECF No.

6    39). That case was later removed to Federal court and now proceeds in this District in the case of

7    *Marsh, et al. v. Freedom Mortgage Corporation*, United States District Court for the Eastern

8    District of California, Case No. 1:24-CV-01304-JLT-CDB (Related Case) on Plaintiffs' first

9    amended complaint, filed on December 9, 2024 (Related Case, ECF No. 13).

10           Freedom's notice of related case describes that Related Case as follows:

11   The parties in the Related Action and this instant action ("Instant Action")
     (collectively, the "Actions") are identical. The Plaintiffs in both Actions are
12   Terrance Marsh and Gesele Marsh ("Plaintiffs") and the Defendant in both Actions
     is Freedom Mortgage Corporation ("Freedom"). Plaintiffs represent themselves in
13   both Actions and Counsel for Freedom is the same in both Actions. As alleged in
     the Related Action, Plaintiffs reside at 10140 Mendiburu Road California City, CA
14   93505 (the "Property"). Related Action Amended Complaint ("Compl."). at 1-2.
     Plaintiffs allege they entered into an agreement with Freedom in September of
15   2021 for a full modification of their VA loan ("Loan Agreement"). Compl. at 1-2.
     Allegedly, the Loan Agreement required Plaintiffs to make "higher monthly
16   payments for a period of 90 days, after, which, the original interest rate before the
     pandemic would stay the same on Plaintiffs VA backed loan, and a full
17   modification would be sent." *Id* at 2.  Plaintiffs allege they made payments on their
     loan for over two years and that Freedom did not fulfill its promise to give credits
18   for payments and did not send a modification agreement. *Id* at 3.

19   Plaintiffs allege that in 2023 Freedom sent Plaintiffs a partial modification plan
20   "after two years of broken agreement, and a continuous payment from Plaintiff
     without any qualification of rescindment". *Id* at 3. Plaintiffs claim they were
21   prevented from using equity in their Property during that time to pay accounts due
     to false and inaccurate reporting to credit bureaus by Freedom. *Id* at 8. Plaintiffs
22   allege that Freedom placed Plaintiffs' home in foreclosure/default because of their
     inaccurate reporting. *Id.* Based on the foregoing, Plaintiffs' Amended Complaint in
23   the Related Action asserts a claim for promissory estoppel and requests
     preliminary and permanent injunctive relief from foreclosure and equitable
24   disgorgement. Compl. at 1. Plaintiffs seek actual, special or exemplary and
     punitive damages. *Id.* at 1, 10.
25

26   Plaintiffs are before this Court again, concerning claims that pertain to the same
     Property and based on the same set of facts. *See generally* Instant Action and
27   Related Action. Accordingly, this Instant action and the Related Action are related
     cases because each action involves the same parties, same transactions and events,
28

        4

same questions of fact and/or law, and would therefore entail a substantial duplication of labor if the Actions were heard by different judges and/or magistrates.

(ECF No. 39, at pp. 2-3).

In the Related Case, Freedom filed a motion to dismiss Plaintiffs' first amended complaint on January 8, 2025, which remains pending. (Related Case, ECF No. 17).[3]

### D. Plaintiffs Second Amended Complaint

On August 6, 2025, in this case, the Court approved the parties' stipulation for Plaintiffs to file a second amended complaint, which was ultimately filed on October 3, 2025. (ECF Nos. 77, 83). In addition to asserting the one claim that the Court previously allowed to proceed, for violation of the FCRA against Freedom, the second amended complaint also includes additional claims for negligence, Violations of Business and Profession Code § 17200, Unjust Enrichment, Breach of the Implied Covenant Good Faith and Fair Dealing, and Violation of HBOR 2923.7 2923.6 2924.11 2923.55 2924.9. (ECF No. 83, p. 1). It also adds an additional defendant: Nestor.

As with the previous complaints, Plaintiffs' claims in the second amended complaint stem from Plaintiffs' allegation that they own a property, and in connection with the mortgage on the property administered by Defendants, Defendants improperly filed a notice of default and reported inaccurate credit information. (*See id.* at 2-4).

### III.    FREEDOM'S MOTION TO DISMISS

### A.  Freedom's Motion to Dismiss Plaintiffs' Second Amended Complaint

Freedom moved to dismiss Plaintiffs' second amended complaint in this case on October 31, 2025. (ECF No. 85). Freedom first argues that Plaintiffs' second amended complaint should be dismissed as duplicative Plaintiff's pending claims in *Marsh, et al. v. Freedom Mortgage Corporation*, 1:24-cv-1304-JLT-CDB, where a motion to dismiss is already pending. (ECF No. 85, pp. 10-12; *see* ECF Nos. 13, 17 of Case No. 1:24-cv-1304-JLT-CDB). Freedom argues that the claims in this case are "based on the same allegations as in the Companion Case," with the operative first amended complaint in that case being filed on December 9, 2024, *i.e.*, before the October 3, 2025 filing of the second amended complaint in the instant case. (ECF No. 85, pp. 8,

---

[3] The parties in this case and the Related Case made multiple attempts to participate in a settlement conference, which were unsuccessful. (ECF Nos. 34, 35).

1 | 11).

2 |    Alternatively, Freedom argues that the claims in Plaintiffs' Second Amended Complaint
3 | should be dismissed on the merits: (1) the negligence claim should be dismissed as barred by the
4 | economic loss doctrine and because it is preempted by the FCRA, (2) the claim for breach of the
5 | covenant of good faith and fair dealing should be dismissed because Plaintiffs fail to state the
6 | necessary elements of the claim and it is preempted by the FCRA; (3) the claim for violation of
7 | California's Business and Professions Code § 17200 should be dismissed because Plaintiffs fail to
8 | state the necessary elements of the claim and fail to allege compensable damages; (4) the unjust
9 | enrichment claim should be dismissed because it is not an independent cause of action, and if the
10 | Court construes a quasi-contract claim from Plaintiffs' allegations, such a claim is barred because
11 | the parties have an express contract; (5) the FCRA and FDCPA claims should be dismissed
12 | because they are not directed at Freedom, but rather a non-party listed in the second amended
13 | complaint as "Nations Direct," but even if the allegations where brought against Freedom,
14 | Plaintiffs fail to state the necessary elements of the claim; and (6) the California Homeowner Bill
15 | of Rights (HBOR) claims should be dismissed because Plaintiffs fail to state the necessary
16 | elements of the claims. (*Id.* at pp. 10-23).

**B. Plaintiffs Fail to Timely Oppose Motion to Dismiss**

17 |    Plaintiffs failed to timely oppose Freedom's motion to dismiss under Local Rule 230(c),
18 | which requires a party to file any opposition within fourteen days.

19 |    On November 17, 2025, the Court issued a minute order noting Plaintiffs' failure to
20 | oppose the motion and gave them a single *sua sponte* extension of time to November 28, 2025, to
21 | file an opposition, or statement of non-opposition, warning that them failure to timely respond
22 | "may result in the dismissal of this case." (ECF No. 87).

23 |    On December 7, 2025, Plaintiffs filed a "Notice of Corrected Filing," stating that their
24 | second amended complaint incorrectly listed the Court (*i.e.*, the Kern County Superior Court),
25 | instead of the Eastern District of California, and requesting leave to file a corrected version of the
26 | second amended complaint on the docket. (ECF No. 92) (capitalization omitted). The Court
27 | denied this request the next day, noting that the second amended complaint was properly filed in
28 | this Court, despite listing the incorrect court, and concluding that it was not necessary to file a

second amended complaint. (ECF No. 94). Additionally, the Court noted that the second amended complaint filed on October 3, 2025, remained the operative complaint and Freedom's unopposed motion to dismiss remained pending. (*Id.*).

### C. Plaintiffs' Untimely Opposition

On December 28, 2025, one month after the final deadline the Court gave Plaintiffs to oppose Defendant's motion to dismiss, Plaintiffs filed their opposition briefs. (ECF Nos. 95, 96). Plaintiffs argue that they have stated valid claims.

Notably, Plaintiffs' untimely opposition does not address Defendant's argument that Plaintiffs' case is duplicative of *Marsh, et al. v. Freedom Mortgage Corporation*, 1:24-cv-1304-JLT-CDB.

### D. Freedom's Reply

On January 6, 2026, Defendant Freedom filed its reply. (ECF No. 97). Defendant argues that the Court should not consider Plaintiffs' untimely oppositions, which, in any event, fail to dispute its argument that this case is duplicative of *Marsh, et al. v. Freedom Mortgage Corporation*, 1:24-cv-1304-JLT-CDB. (*Id.* at 2-4). Lastly, Defendant argues that dismissal is warranted on the merits. (*Id.* at 5-7).

## IV.    LEGAL STANDARDS

### A. Motions to Dismiss

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when a plaintiff pleads facts that permit the court to reasonably infer the defendant's liability for the alleged misconduct. *Id.* A complaint does not suffice if it offers only "labels and conclusions," a "formulaic recitation of the elements," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

When ruling on a motion to dismiss, the court must accept all well-pleaded factual

allegations as true and construe all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). Furthermore, although *pro se* pleadings are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), the court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

### B.  Failure to File a Timely Opposition to the Motion to Dismiss

A failure to timely oppose a motion may be construed as a non-opposition to the motion. Specifically, Local Rule 230(c) provides as follows:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. *A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.*

Local Rule 230(c) (emphasis added).

Noting that "[f]ailure to follow a district court's local rules is a proper ground for dismissal," the Ninth Circuit in *Ghazali v. Moran* upheld a district court's dismissal of a case "pursuant to a Nevada district court local rule because [the plaintiff] failed to file an opposition to the motion [by the defendants] to compel/motion to dismiss." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). In so doing, the Ninth Circuit noted that, while a motion for summary judgment "cannot be granted simply as a sanction for a local rule violation, without an appropriate exercise of discretion," the relevant caselaw behind this rule "address[ed] only summary judgment motions, not motions to dismiss." *Id.* at 54. However, the Ninth Circuit concluded that,

> [b]efore dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.

8

1    *Id.* at 53 (citation and quotation marks omitted); *see also Sidorov ex rel. Natalya v. Transamerica*

2    *Life Ins. Co.*, No. 2:17-CV-00002-KJM-DB, 2017 WL 2911676, at *2 (E.D. Cal. July 7,

3    2017) ("Although a court may not grant a motion for summary judgment simply because there is

4    no opposition, the Ninth Circuit has repeatedly affirmed district courts that have dismissed a

5    complaint on that basis.") (citations omitted).

6        Additionally, the failure to obey court orders is another ground for imposing the sanction

7    of dismissal and warrants consideration of the same factors. *See Malone v. United States Postal*

8    *Service*, 833 F.2d 128, 130 (9th Cir.1987) (listing the same above factors for consideration before

9    dismissing a case for failure to comply with a court order).

10       Additionally, Local Rule 110 provides as follows: "Failure of counsel or of a party to

11   comply with these Rules or with any order of the Court may be grounds for imposition by the

12   Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

13   Court." Local Rule 110; *see also* Local Rule 183 (noting that "[a]ll obligations placed on

14   'counsel' by these Rules apply to individuals appearing in propria persona. Failure to comply

15   therewith may be ground for dismissal, judgment by default, or any other sanction appropriate

     under these Rules.")

16       Courts have relied on both Local Rule 230(c) and Local Rule 110 to dismiss claims when

17   a plaintiff fails to timely respond to a motion to dismiss and court order about such failure to

18   respond. *See, e.g., Littleton v. Pac. Gas & Elec. Co.*, No. 2:12-CV-02236-TLN-AC, 2013 WL

19   3804769, at *1 (E.D. Cal. July 18, 2013) (relying on *Ghazali*, Local Rule 230(c), and Local Rule

20   110 to dismiss claims with prejudice after the plaintiff failed to respond to the defendants'

21   motions to dismiss).

22       **C.  Screening Requirement**

23       Claims brought by plaintiffs proceeding *in forma pauperis* are also subject to screening

24   under 28 U.S.C. § 1915. (ECF No. 7). "Notwithstanding any filing fee, or any portion thereof,

25   that may have been paid, the court shall dismiss the case at any time if the court determines that

26   the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. §

27   1915(e)(2)(B)(ii).

28       A complaint is required to contain "a short and plain statement of the claim showing that

1   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

2   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

4   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

5   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

6   (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

7   this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are

8   not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

9   681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

10  legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678. Pleadings of *pro se* plaintiffs

11  "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v.*

    *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

12          **V.    ANALYSIS**

13              **A.  Freedom's Motion to Dismiss**

14          With these standards in mind, and in light of Plaintiffs' failure to timely oppose the

15  motion to dismiss as ordered, the Court recommends granting Defendant Freedom's motion to

16  dismiss.

17          As Freedom's motion first argues, Plaintiffs are currently litigating similar claims against

18  it, based on the same underlying allegations, in a Related Case in this district, Case No. 1:24-cv-

19  1304-JLT-CDB. Defendant's motion explains:

20          The new allegations and claims asserted in the SAC are based on the same
            allegations as in the Companion Case, against the same parties, and pending at the
21          same time. In the Companion Case, Plaintiffs base their allegations on the trial
            loan modification Freedom allegedly offered Plaintiffs and which they accepted on
22          September 17, 2021. Companion Case, DN 13, 2:8-13. Plaintiffs further allege,
            just as in the present SAC, that they began making payments in accordance with
23          the permanently modified loan on November 1, 2021, continuing with the required
24          payments through May 1, 2023. Companion Case, DN 13, 2:14-18. Even more
            telling, Plaintiffs allege incredibly similar claims in both cases, including FCRA
25          and HBOR claims. *See* Companion Case, DN 13.

26  (ECF No. 85, p. 11).

27          Notably, Plaintiffs filed the operative complaint in the Related Case on December 9, 2024

28  (Related Case, ECF No. 13), almost ten months before Plaintiffs filed their second amended

1    complaint in this case on October 3, 2025. (ECF No. 83). Defendant's motion to dismiss

2    Plaintiffs' claims in the Related Case is currently pending.

3        "Plaintiffs generally have no right to maintain two separate actions involving the same

4    subject matter at the same time in the same court and against the same defendant." *Adams v. Cal.*

5    *Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (*citation and quotation marks omitted*)

6    (*overruled in part on other grounds by*, *Taylor v. Sturgell*, 553 U.S. 880 (2008)); *see also M.M. v.*

7    *Lafayette School Dist.,* 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district

8    court has broad discretion to control its own docket, and that includes the power to dismiss

9    duplicative claims."); *Porter v. Mabus,* 457 Fed. Appx. 619, 620 (9th Cir. 2011) (unpublished)

10   ("The district court did not abuse its discretion by dismissing Porter's claims that were

11   duplicative of his claims in his other pending actions.") (*citing Adams*, 487 F.3d at 688).

12       Plaintiffs failed to timely file an opposition to Freedom's motion to dismiss. (ECF Nos.

13   87, 95, 96). Moreover, Plaintiffs' untimely oppositions failed to respond to Defendant's argument

14   that this action is duplicative of the Related Case. Based on the Court's review of the Related

15   Case, the Court agrees that the claims in this case are based on the same underlying conduct in the

16   Related Case and are duplicative of the claims in this case.

17       Defendant's motion to dismiss otherwise provides a colorable legal basis to dismiss each

18   of Plaintiffs' claims against it for failure to state a claim. Specifically, Defendant's motion argues

19   as follows:

- Plaintiffs' negligence claim is barred by the economic loss doctrine. Under California law, Plaintiffs may not recover economic losses under alternative tort theories when the parties' relationship is governed by contract. . *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 915-916; 922 (Cal. 2022). . . . Here, Plaintiffs' negligence claim, sounding in tort law, is clearly barred by the economic loss doctrine as in *Sheen*. Plaintiffs admit they entered into a contract with Freedom that provided the terms governing their mortgage.

- As the California Court of Appeal has emphasized, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (Cal. Ct. App. 2004). Federal courts applying this point of California law have consistently applied this same rule. As the Ninth Circuit Court of Appeals explained: "Assuming arguendo that the implied duty of good faith and fair dealing applies here, it is limited to assuring compliance with the express terms of

11

   
the contract, and cannot be extended to create obligations not contemplated by the contract." *McKnight v. Torres, 563 F.3d 890, 893 (9th Cir. 2009).* As alleged, Plaintiffs have not cited any provisions in the contract between Freedom and the Plaintiffs setting forth the obligations Freedom allegedly breached.

- The FCRA contains an "absolute immunity provision" which bars and preempts state law claims against "furnishers of information" for allegedly providing inaccurate information to consumer credit reporting agencies. *See Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1181-82 (E.D. Cal. 2005) (The "FCRA precludes all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit.[] Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted."). . . . Like in *Desser*, Plaintiffs' negligence claim involves alleged actions Freedom took in furnishing allegedly inaccurate credit information to the CRAs, the precise conduct governed by the FCRA. Therefore, any potential causes of action related to this alleged conduct are solely limited to claims and remedies provided by the FCRA.

- Plaintiffs' SAC merely contains a conclusory declaration that Freedom "committed acts of unfair competition" without providing any specific factual allegations. There are simply no facts to even attempt to determine the root of Plaintiffs' allegations, as they do not allege any specific unlawful, unfair, or fraudulent acts taken by Freedom in violation of the statute.

- Because there is no independent cause of action for unjust enrichment, Plaintiffs' claim must be dismissed. *Sears v. Rocket Mortg., LLC*, No. 2:25-cv-0409 TLN AC PS, 2025 U.S. Dist. LEXIS 120806, at *14-15 (E.D. Cal. June 24, 2025) (dismissing claim because California does not recognize an independent cause of action). For this reason alone, the claim should be dismissed. Even if the Court reads the claim generously as a "quasi-contract" claim, it still fails. California law is clear that "an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Manufacturing Corp. v. Republic Indemnity Co.,* 44 Cal. App. 4th 194, 203 (Cal. Ct. App. 1996).

- Plaintiffs have only alleged Freedom's reporting of them as 120 days late was inaccurate. DN 83, 8:13-20. They have not alleged a single other element of a FCRA claim, including that they sent a dispute to the CRAs, that the CRAs notified Freedom of the dispute, or that Freedom failed to investigate the dispute. . . . Plaintiffs fail to allege a single element of an FDCPA claim.

- [N]othing in the SAC indicates Freedom's alleged violation resulted in anything that "affected the borrower's loan obligations, disrupted the borrower's loan modification process, or otherwise harmed the borrower." Therefore, Plaintiffs did not allege a material violation of section 2923.55, as required by the statute. . . . Similarly, in this case, Plaintiffs do not allege anything beyond the mere statement that "Defendants did not provide the Plaintiffs with Single Point of Contact." DN

83, 9: 25-26. Clearly, this does not establish "the alleged violation affected a plaintiff's loan obligations or the modification process." . . . Similar to the analysis of Plaintiffs' Section 2923.7 claim, the SAC does not contain any allegations that Freedom's conduct "affected the borrower's loan obligations, disrupted the borrower's loan-modification process, or otherwise harmed the borrower," as required to sufficiently plead a material violation of 2923.6.

(ECF No. 85, pp. 12-22).

Plaintiffs failed to timely oppose Defendants' arguments or follow the Court's order regarding the filing of an opposition brief. Thus, the Court also considers whether dismissal is warranted for a failure to comply with a local rule, which likewise apply to dismissals for failure to comply with a court order.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiffs had two opportunities to timely respond to the motion to dismiss: (1) the fourteen-day period provided under Local Rule 230(c); and (2) the extended period of time that the Court *sua sponte* provided to Plaintiffs. However, Plaintiffs failed, without explanation, to timely file their oppositions. Plaintiff's failure to follow court orders and respond to dispositive arguments is interfering with the Court's ability to manage the docket. *See Hill v. Escobar*, No. 2:21-CV-02118-DAD-JDP (PC), 2024 WL 170132, at *2 (E.D. Cal. Jan. 16, 2024), *report and recommendation adopted*, 2024 WL 1858217 (E.D. Cal. Apr. 26, 2024) (recommending dismissal of case where a plaintiff, after multiple opportunities, failed to provide an address for defendants). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to timely respond to the motion to dismiss and comply with court orders that has delayed this case.

Once again, even considering Plaintiffs' untimely opposition, they have still failed to oppose Defendant's argument that the case is subject to dismissal because it is duplicative of a pending case. Given that Freedom's claims will still proceed in another case, subject to the motion to dismiss in that case, there is little risk of prejudice to Plaintiffs in dismissal of this case.

As for the availability of lesser sanctions, given that Plaintiffs have failed to timely respond to the motion to dismiss, despite an extension to do so and being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Moreover, given the pendency of similar claims in a related proceeding that are currently subject to a motion to dismiss, the Court is recommending dismissal without prejudice. *Kaye v. Superior Ct. of California*, No. SA CV 18-01520 JLS (AFM), 2018 WL 4372675, at *1 (C.D. Cal. Sept. 11, 2018) (noting that "dismissal without prejudice is the most efficient way to address the problem of a duplicative case"). It has thus not recommended the harshest possible sanction available.

Finally, while public policy favors disposition on the merits, the Court is recommending dismissal of these claims without prejudice, so that Plaintiffs may continue to litigate their claims in the Related Case. Accordingly, this factor is neutral.

In short, the balance of the factors weighs in favor of granting Freedom's motion to dismiss.

**B. Nestor**

The Court also recommends dismissing Plaintiffs' claims against Nestor without prejudice.

As the second amended complaint included Nestor for the first time, and those claims have not yet been screened by this Court and allowed to proceed, Nestor has not been served with the second amended complaint or responded to that complaint.

The Court has reviewed Plaintiffs' claims against Nestor pursuant to its authority under 28 U.S.C. § 1915(e)(2)(B)(ii) and finds that they do not assert cognizable claims against it.

The following are the only allegations against Nestor in Plaintiffs' second amended complaint:

14

Defendants Nestor Solutions LLC an entity formed in the State of Florida filing date June 8, 2022.

With Defendants Nestor Solutions working alongside Defendants without confirming or questioning documentation, they are just as culpable.

Alternatively, if the note and deed of trust was validly and properly assigned to the Defendants, Nestor Solutions (Defendants) did not act in good faith and did not deal fairly with Plaintiffs in connection with the filing of the Notice of Default.

(ECF No. 83, pp. 2, 4, 7).

The second amended complaint also includes citations to documents that supposedly concern Nestor, but no documents are attached to the complaint. (ECF No. 83, at p. 3) ("The Defendants' Notice of Default claimed payments due from May 1, 2022 (See exhibit E- Notice of Default filed by Nestors Solutions-in violations of state and federal regulations)."); and p. 4 ("(Exhibit I-Email to Nestor Solutions, Barbara Johnson).").

These allegations are not sufficient to state any cognizable claim against Nestor. They do not identify what Nestor is alleged to have done and why those actions or inactions violate Nestor's relevant legal obligations. They do not include any statement of claim showing that Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2).

Additionally, to the extent the second amended complaint alleges that Nestor is "just as culpable" as Freedom, Freedom's arguments for dismissal, which remain to be litigated in the Related Case, likewise apply to Nestor.

The Court also does not recommend giving Plaintiffs leave to file a third amended complaint in this case to amend their claims against Nestor. This case has been pending since October 10, 2023 and Plaintiffs have already amended their complaint twice. Notably, Plaintiffs did not identify the new claims against Nestor in the stipulation to amend their complaint, and they have not been given leave to add such claims to this case. The Court has twice screened Plaintiffs' complaints, and provided legal standards related to Plaintiffs' claims.

Accordingly, pursuant to the Court's screening authority, the Court will also recommend dismissing all claims against Nestor without prejudice.

## VI.    CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons given above, the Court concludes that dismissal of this entire action,

without prejudice, is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court shall add Nestor Solutions LLC as a defendant on the docket.

Further, the Court RECOMMENDS that:

1.      Defendant Freedom Mortgage Corporation's motion to dismiss be granted. (ECF No. 85).

2.      The claims against Defendant Nestor Solutions LLC be dismissed for failure to state a claim.

3.      This entire action be dismissed without prejudice.

4.      The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 9, 2026**__          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE