**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TERRANCE MARSH, et al.,

Plaintiffs,

v.

FREEDOM MORTGAGE CORPORATION, et al.,

Defendants.

Case No. 1:23-cv-01451 JLT EPG

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

(Docs. 85, 101)

Freedom Mortgage Corporation moves to dismiss this action by plaintiffs Terrance and Gesele Marsh under Rule 12(b)(6), who are appearing pro se. The motion was referred to the assigned magistrate judge, who recommends dismissing the action as a sanction for failure to comply with deadlines and because the Marshes were pursuing similar claims against Freedom in a parallel case at the time. The Marshes object to the Findings and Recommendations. As explained in this order, dismissal is too harsh a sanction, but the Marshes have not stated a federal claim within this court's original jurisdiction under Rule 12(b)(6), so the motion is granted with leave to amend.

**ALLEGATIONS**

Because Freedom moves to dismiss under Rule 12(b)(6), the Marshes are entitled to the assumption that their allegations are true, along with any reasonable inferences that can be drawn

in their favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They allege that they own real property in California City, California, and that Freedom holds a deed of trust related to a mortgage loan on that property. (Doc. 83 at 2.) The deed of trust was recorded in January 2020. (*Id.*)

For reasons that the Marshes do not explain, Freedom offered them a three-month trial on a modified loan, which they accepted in September 2021. (*See id.*) They did not attach a copy of their loan modification agreement to their current complaint, and they did not quote the agreement or discuss it in any detail, but they do allege that they would qualify for a permanent loan modification if they made three payments of about $1600 during the three-month trial. (*See id.*) The Marshes attached several relevant letters to previous filings, along with a number of exhibits that might shed light on their current allegations. (*See, e.g.*, Doc. 73-2 at 32–37.) As the magistrate judge has warned them, however, each complaint they file must be complete in itself, without reference to previous pleadings or filings. (Doc. 8 at 5.) It would not be appropriate now to consider the exhibits they filed previously.

In any event, the Marshes began making the modified payments in November 2021, and they continued making those payments beyond the three-month trial period, all the way "through May of 2023." (*See* Doc. 83 at 2–3.) The Marshes do not explain whether they stopped making required payments that month, whether their payment obligations changed, or whether there was another reason why they made payments only "through May of 2023." They say only that Freedom Mortgage recorded a notice of default several months later, in November 2023. (*See id.* at 3.) In that notice, the company claimed that the Marshes had defaulted on their monthly payments, but not in May 2023; Freedom asserted instead the defaults had actually begun a year earlier, in May 2022. (*See id.*)

The Marshes filed their original pro se complaint in this action in October 2023. (Doc. 1.) They also filed a complaint against Freedom in state court, which it removed to this Court in October 2024. *See* Case No. 1:24-cv-01304. That second case was recently closed. The Court dismissed the complaint with leave to amend due to a number of shortcomings in the Marshes' allegations, but they did not file an amended complaint, and they did not respond when the Court

ordered them to show cause why the case should not be dismissed. (*See* Case No. 1:24-cv-01304, Docs. 51, 55–59.)

This action—the case filed first in this Court—is now proceeding on the Marshes' second amended complaint, which adds allegations about a second entity, "Nestor Solutions LLC." (*See* Doc. 83 at 2.) It is unclear what role Nestor played in the events leading up to this case. The Marshes allege only briefly that Nestor was "working alongside" Freedom (*id.* at 4) and "did not act in good faith" or "deal fairly" with them (*id.* at 7.)

As noted, Freedom moves to dismiss the complaint for failure to state a claim. (Doc. 85.) At the time Freedom filed its motion, the related case—the one that the Marches originally filed in state court—was still pending, and Freedom argued in its motion that this action should be closed to avoid duplicative litigation. (*See id.* at 10–12.) Freedom also argued that the Marshes' allegations did not support their legal arguments. (*See id.* at 12–23.) The Marshes did not oppose that motion until after the applicable deadline had passed. (*See* Doc. 96.) Nestor has not been served and has not appeared, so its views are unknown.

The matter was referred to the assigned magistrate judge, who has prepared findings and recommendations. (Doc. 101.) The magistrate judge agrees with Freedom that the Marshes' allegations duplicate those they made in the case that was removed from state court, which was still pending at the time. (*Id.* at 10–11.) The magistrate judge also found that the Freedom had provided "a colorable legal basis to dismiss" each of the Marshes claims, as well as that the Marshes' delay in filing their opposition had prevented the Court from resolving this case efficiently. (*See id.* at 11–14.) Finally, the magistrate judge found that the Marshes' brief allegations about Nestor did not support their claims against that company. (*See id.* at 14–15.) The magistrate judge therefore recommends dismissing this action without leave to amend—partially as a sanction for the Marshes' delays in opposing Freedom's motion, partially based on the duplicative nature of their allegations, and partially based on Freedom's arguments about the merits. (*See id.* at 15–16.)

The Marshes object to these recommendations. (Doc. 102.) They explain that they filed two cases because they did not understand that they could have all of their claims resolved in one

lawsuit. (*Id.* at 2.) They explain that they were delayed in opposing Freedom's motion because Mr. Marsh was undergoing multiple surgeries and rehabilitation. (*Id.* at 2–3.) Finally, they argue that their claims are viable. (*See id.* at 5–7.) They request leave to amend in the event that the Court disagrees. (*See id.* at 8.) Freedom argues in response that the magistrate judge was right to recommend dismissal without leave to amend for the reasons in the Findings and Recommendations. (Doc. 103.) The Court has reviewed the matter "de novo." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Dismissal is an unnecessarily harsh sanction. It would be more appropriate to simply disregard or strike the Marshes' late opposition, if a sanction is warranted. *See* Fed. R. Civ. P. 6(b). Freedom does not appear to have suffered any real prejudice. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (outlining relevant considerations). In addition, the related case has now been closed, so there is much less risk of inconsistent results or duplicative litigation. For these reasons, the Court declines to adopt the magistrate judge's recommendation to dismiss this action as a sanction, i.e., without deciding formally whether the complaint states a claim under the terms of Rule 12(b)(6).

A Rule 12(b)(6) motion tests a complaint's "legal sufficiency," *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), that is, whether it is based on "a cognizable legal theory" and includes "sufficient facts" to support that theory, *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The district court must decide whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court begins with the Marshes' only federal claim, the fifth claim, which is based on the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA). (*See* Doc. 83 at 8.) The Marshes allege that the defendants violated these laws by falsely reporting that they were late on their mortgage payments. (*See id.*) The FCRA does offer consumers a way to correct inaccuracies in credit reports, and a consumer can sue those who "furnish" inaccurate information to credit reporting agencies in some circumstances. *See Gross v. CitiMortgage, Inc.*,

33 F.4th 1246, 1251 (9th Cir. 2022). Consumers can pursue this type of claim only if they first notify the credit reporting agency about the inaccuracy. *See id.*; *see also*, *e.g.*, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (discussing the relevant statutes); *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (listing elements of a claim under these provisions).

The magistrate judge cited and explained these rules in the initial screening order (*see* Doc. 8 at 4–5), and the Marshes included allegations about their attempts to correct inaccuracies in their first amended complaint (*see* Doc. 9 at 4–5), but they omitted these allegations from their second amended complaint (*see generally* Doc. 83). The second amended complaint superseded the first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The Marshes' federal claim must therefore be dismissed.

Given the Marshes' previous allegations, their pro se status, and the exhibits they attached to their previous filings, the Court cannot say that another amendment would lead only to an exercise in futility. The motion to dismiss claim five is thus granted with leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (emphasizing that Rule 15 is "to be applied with extreme liberality" (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001))).

The Marshes' remaining claims arise under state law. They are not within this Court's original jurisdiction, but rather its supplemental jurisdiction. When a federal court dismisses or otherwise adjudicates all of the claims within its original jurisdiction, it is ordinarily best to dismiss the claims over which it has only supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Dyack v. N. Mariana Islands*, 317 F.3d 1030, 1037–38 (9th Cir. 2003). The Court will accordingly dismiss the plaintiffs' state law claims with leave to amend. If the Marshes amend their complaint once more and assert a claim over which this Court has original jurisdiction, then "they may again seek to invoke this court's supplemental jurisdiction over any related state law claims." *Nieves v. County of Trinity*, No. 21-02248, 2022 WL 17994367, at *4 (E.D. Cal. Dec. 29, 2022). If, however, the Marshes chose not to file a third amended complaint, then this order will operate as a dismissal of their state law claims without prejudice.

## CONCLUSION

The Court **DECLINES TO ADOPT** the findings and recommendations (Doc. 101.)

The motion to dismiss (Doc. 85) is **GRANTED** with leave to amend. If plaintiffs choose to file a third amended complaint, it must be filed **WITHIN THIRTY DAYS**.

The Court does not anticipate that it will permit any further amendments. The Court also emphasizes—as discussed above—that if the Marshes decide to file a third amended complaint, it will supersede the complaints they filed before, so it must be complete. It must include all of the information and allegations that are necessary to show that they are entitled to relief.

This matter is **REFERRED BACK** to the assigned magistrate judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: October 7, 2026

Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE